On the trial of the cause in New Hanover Superior Court, it was admitted that the breaches assigned had been committed; whereupon the plaintiff, in order to show the damage he had sustained, offered in evidence the record of a recovery he had obtained against Meilan, as administrator of Ruggles. The defendant objected to this evidence, on the ground that he had been appointed administrator to Nathaniel Ruggles, in which form the bond was given, and that the record offered in evidence shows that a suit had been instituted against him by Gabie, as administrator of N.W. Ruggles, and judgment rendered against him as executor. *Page 269 
It was agreed by the parties that if the evidence be deemed admissible, then the following reason in arrest of judgment shall be considered as having been regularly entered, and be decided by this Court, (347) for the sake of avoiding delay.
That the bond is made payable to Nathaniel Alexander, the Governor of the State, and to his successors in office; whereas it should have been made payable to the chairman of the county court and his successors in office.
On the trial in New Hanover it was proved that a person named Nathaniel W. Ruggles, called N.W. Ruggles, died in Wilmington in September, 1807, and that Meilan, about three months after his death, took into his possession his effects, collected and paid his debts, and acted in all respects as his administrator; that no other person by the surname of Ruggles was recollected to have lived or died in New Hanover County, and that no other letters of administration have been granted in that county to Meilan except those before described.
This is a struggle to avoid the payment of the plaintiff's debt, upon two objections purely technical; and to be sure, if they are founded in point of law, they must prevail, whatever the justice of the case may call for otherwise.
The first objection goes to the introduction of the judgment recovered by Gabie v. Meilan, because the suit was brought against him as administrator of N.W. Ruggles, and the judgment was entered against him asexecutor. The inference drawn from this ground of objection is that Meilan is not liable as administrator of Nathaniel Ruggles for a recovery had against him in a suit which described him as the administrator of N.W. Ruggles; that the administration bond binds him only as the administrator of Nathaniel Ruggles, and he cannot otherwise be made liable.
If the objection be founded on the idea that there were two persons of the name of Ruggles, that is repelled by the evidence spread upon the record in this case, and by the manner of describing him in the declaration as Nathaniel W. Ruggles, otherwise called Nathaniel Ruggles and N.W. Ruggles.
The ground of variance is equally untenable, because, if any advantage could have been taken of it, the proper time was when Meilan was sued as the administrator of N.W. Ruggles. But instead of (348) availing himself of the variance between the administration bond and the way in which his intestate was described in the writ, he waived all objection on that score and expressly admitted that he was the administrator of N.W. Ruggles, by confessing a judgment in that character. The objection that the judgment was rendered against him as *Page 270 
executor does not seem to be founded in point of fact. He is so called upon the docket, though a clerical error; but the writ describes him as administrator, and when he signs his name to the confession of judgment he recognizes the character in which he is sued. We must, therefore, take it from all these proceedings that the Nathaniel Ruggles upon whose effects Meilan administered is the same Nathaniel W. Ruggles as whose administrator he confessed a judgment to Gabie; to enforce which judgment is the object of the present suit. According to the plainest rules of pleading, Meilan isnow estopped to deny this fact. Thus, if a defendant omits to plead a misnomer, he may be taken in execution by a wrong name, 2 Str., 1218. If A. give a bond by the name of B., and being sued by the name of B., plead the misnomer, the plaintiff may estop him by saying that he made the bond by the name of B. Comyn's Dig., Abatement, F. 17.
With respect to the reason in arrest of judgment, we do not, on full consideration, think it ought to prevail. It is true that the act of 1791 directs such bonds to be made payable to the chairman of the court, changing in that respect the act of 1715, which directs them to be made payable to the Governor. But the act is merely directory, and does not render them void, or voidable, if taken otherwise. The defendants have, then, given a bond in a form which the law did not compel them to do; but it is conditioned for the most just and useful purposes, viz., to dispose of the goods of the deceased among his creditors and next of kin; and the defendants have entered voluntarily into such engagement. We think the law will lend its aid in enforcing this bond; and that in reason and principle the case of Johnson v. Laserre is an (349) authority for the plaintiff. "Error upon a judgment in a scire facias, sued in the common pleas by Laserre, upon a recognizance entered into by Johnson to Laserre, in which judgment was given for Laserre. Johnson, the defendant, in the common pleas prayed there oyer of the recognizance and the condition, which condition recited that Hugh Howard, and Thomasere, his wife, executors of John Langston, had sued a writ of error returnable in the King's Bench, upon a judgment recovered in the common pleas by Laserre against Howard and his wife. If, therefore, the said Howard and his wife prosecute the writ of error with effect, etc., and paid the sum recovered, and also the damages and costs that should be awarded if the judgment should be affirmed, etc., that then, etc., after which oyer had, the said Johnson pleaded in bar of the scire facias, the act of 16 and 17 Car. II., ch. 8, to prevent arrests of judgment, and superseding executions, and the proviso therein, that that act should not extend to any writ of error to be brought by an executor, etc., per quod, the said recognizance taken contrary to the *Page 271 
said statute vacua in lege existit. And upon demurrer, judgment was for the plaintiff Laserre, in the common pleas; and Mr. Strange, for the plaintiff in error, insisted that executors by the act of Car. II. were not obliged to enter into recognizances upon writs of error brought by them upon judgments obtained against them, and that this appearing to be such a recognizance, was void. But per totam curiam, if a man will voluntarily enter into such a recognizance, it is good at common law. And judgment was affirmed." 2 Ld. Raym., 1460.
Upon the whole matter, therefore, the Court are of opinion that the clerk of New Hanover Superior Court be directed to enter up judgment against the defendants for the sum of £ 5,000, the penalty of the bond, to be discharged by the payment of £ 594 12 9, with interest from 1 January, 1810, until paid.
NOTE. — Upon the last point, see Branch v. Elliott, 14 N.C. 86;Justices v. Armstrong, ibid., 284; Threadgill v. Jennings, ibid., 384;Vanhook v. Barnett, 15 N.C. 268.
Cited: Williams v. Erringhaus, 14 N.C. 298.
(350)